UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLOBAL EXPORT/IMPORT LINK, INC.,

                              Plaintiff,

                                                          CIVIL CASE NO. 03-40283

v.

UNITED STATES BUREAU OF CITIZENSHIP    HONORABLE PAUL V. GADOLA
AND IMMIGRATION SERVICES,                    U.S. DISTRICT COURT

                              Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

      This is an action challenging the Bureau of Citizenship and Immigration Services's ("BCIS") decision to deny Plaintiff's petition for a nonimmigrant worker visa. Before the Court is the Government's motion for judgment on the pleadings, pursuant to rule 12(c) of the Federal Rules of Civil Procedure. The Government contends that the Court lacks jurisdiction to hear Plaintiff's action and requests that the Court dismiss it. For the reasons set forth below, the Court will grant the Government's motion and dismiss Plaintiff's action.

**I.    Background**

      On February 13, 2003, Plaintiff Global Export/Import Link, Inc., filed a form I-129 Petition for Nonimmigrant Worker with the Bureau of Citizenship and Immigration Services on behalf of Abdul Shah. The petition sought to obtain a nonimmigrant worker visa for Shah by classifying him as a L-1A, a nonimmigrant, intra-company transferee in a managerial or executive capacity, in accordance with § 101(a)(15)(L) of the Immigration and Nationality Act. 8 U.S.C. §

1101(a)(15)(L). Plaintiff submitted the petition along with supporting evidence and documentation.

On April 4, 2003, the BCIS denied Plaintiff's petition because Plaintiff did not have sufficient economic resources to pay Shah's annual salary, the overseas parent company had a thin management structure such that the required business affiliation between Plaintiff and the overseas firm may not meaningfully exist, and Shah would not be supervising other managerial employees. The BCIS's denial of Plaintiff's petition rested on the grounds that Shah was not eligible for L-1A classification as an intra-company transferee because he did not fit the classification set out in 8 U.S.C. § 1101(a)(15)(L) and the applicable regulations.  At Plaintiff's request, the BCIS reconsidered Plaintiff's petition along with additional evidence, yet again denied it on the same grounds. Plaintiff then filed this action, requesting the Court to vacate, as arbitrary and capricious, the BCIS's decision to reaffirm its denial of Plaintiff's I-129 Petition.

**II.     Legal Standard**

When, as here, a Rule 12(c) motion for judgment on the pleadings challenges the legal basis of the complaint, the motion is treated under the standards for motions to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *See Kramer v. Van Dyke Pub. Schs.*, 918 F. Supp. 1100, 1104 (E.D. Mich. 1996) (Gadola, J.). Rule 12(b)(6) affords a defendant an opportunity to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *See Hill v. Blue Cross & Blue Shield of Mich.*, 299 F. Supp. 2d 742. 747 (E.D. Mich. 2003) (Gadola, J.).  In applying Rule 12(b)(6), the Court must presume all well-pleaded factual allegations in the complaint to be true and draw all reasonable inferences from those allegations in favor of the non-moving party. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

**III.    Analysis**

Review of Plaintiff's claim is foreclosed by 8 U.S.C. § 1252(a)(2)(B), which provides:

Notwithstanding any other provision of law . . . no court shall have jurisdiction to review—

> (i) any judgment regarding the granting of relief under section 212(h), 212(i), 240A, 240B, or 245, or
>
> (ii) any other decision or action of the Attorney General the authority for which is specified under this title to be in the discretion of the Attorney General, other than the granting of relief under section 208(a) [asylum].

8 U.S.C. § 1252(a)(2)(B). The "title" referred to in § 1252(a)(2)(B)(ii) covers §§ 1151-1378. *CDI Info. Servs. v. Reno*, 278 F.3d 616, 619 (6th Cir. 2002). The decision to deny Plaintiff's petition falls within that range at § 1184, which provides for the admission of nonimmigrants. Section 1184 provides:

> The admission to the United States of any alien as a nonimmigrant shall be for such time and under such conditions as the Attorney General may by regulations prescribe, including when he deems necessary the giving of a bond with sufficient surety in such sum and containing such conditions as the Attorney General shall prescribe . . . .

8 U.S.C. § 1184(a)(1). The particular nonimmigrant visa sought by Plaintiff, the L-1A category, is regulated as follows:

> The question of importing any alien as a nonimmigrant under subparagraph (H), (L), (O), or (P)(i) of section 101(a)(15) (excluding nonimmigrants under section 101(a)(15)(H)(i)(b1) in any specific case or specific cases shall be determined by the Attorney General, after consultation with appropriate agencies of the Government, upon petition of the importing employer. Such petition shall be made and approved before the visa is granted. The petition shall be in such form and contain such information as the Attorney General shall prescribe.

8 U.S.C. § 1184(c)(1). The question, then, is whether the phrase "shall be determined by the Attorney General" should be understood to grant sufficient discretion to the Attorney General such

3

that a decision under § 1184(c) is not reviewable by the courts.

Plaintiff would have the Court adopt the Ninth Circuit's interpretation of § 1252(a)(2)(B)(ii) announced in *Spencer Enters. v. United States*, 345 F.3d 683 (9th Cir. 2003), and developed in *Ana International v. Way*, 393 F.3d 886 (9th Cir. 2004):

> It is clear that § 1252(a)(2)(B)(ii) immunizes certain discretionary decisions of the Attorney General from judicial review. It is equally clear that not every decision of the Attorney General that involves some element of discretion is automatically shielded from review by § 1252(a)(2)(B)(ii). In general terms, if a legal standard from an appropriate source governs the determination in question, that determination is reviewable for a clarification of that legal standard. In other words, acts immunized from review by § 1252 "are matters of pure discretion, rather than discretion guided by legal standards."

*Id.* at 891 (quoting *Spencer*, 345 F.3d at 690). The Ninth Circuit has used this rule to determine that a decision under 8 U.S.C. § 1155 is not immunized by § 1252(a)(2)(B)(ii) because there are legal standards to guide it. *Ana Int'l*, 393 F.3d at 893-94. Section 1155 stated, at the time *Ana International* was decided, "[t]he Attorney General may, **at any time, for what he deems to be good and sufficient cause**, revoke the approval of any [visa] petition approved by him under section 204." (emphasis added). Clearly, this language leaves the decision to revoke approval to the discretion of the Attorney General. Yet, the Ninth Circuit determined that it could judge if the Attorney General's determination of "good and sufficient cause" was correct, because that was a legal standard. *Id.* In other words, despite the fact that § 1155 actually reads, "**for what he deems to be** good and sufficient cause," because it does not use the magic words "in the sole discretion of the Attorney General" the Ninth Circuit held that it is reviewable. This Court declines to follow the Ninth Circuit and finds amble reasoning in the dissenting opinions of *Spencer* and *Ana International* to support this decision. *See Spencer*, 345 F.3d at 694-701 (Beezer, J. dissenting); *Ana Int'l*, 393 F.3d at 895-99 ( Tallman, J. dissenting); *see also Yerkovich v. Ashcroft*, 381 F.3d 990, 994-95 (10th

Cir. 2004) (noting Judge Beezer's assertion that *Spencer* conflicts with Tenth and Sixth Circuit precedent and prior Ninth Circuit precedent, and also noting a Third Circuit decision not to follow *Spencer*).

Rather, the Court looks to the decisions of this Circuit. One such decision is the Sixth Circuit case of *Celaj v. Ashcroft*, 121 Fed. Appx. 608, 611 (6th Cir. 2005), which the Court finds more persuasive than *Spencer* and *Ana International*. In *Celaj*, the Sixth Circuit held that the jurisdiction stripping provision of § 1252(a)(2)(B)(ii) precludes review of decisions made pursuant to §§ 1158(b)(2)(A) and 1231(b)(3). *Id.* at 611. Section 1231(b)(3), which governs removal, states:

> Notwithstanding paragraphs (1) and (2) [governing the determination of the country to which an alien is to be removed], the Attorney General **may not** remove an alien to a country if the Attorney General **decides** that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion.
> (B)   Exception. Subparagraph (A) does not apply to an alien deportable under section 237(a)(4)(D) or if the Attorney General **decides** that--
>     (i)   the alien ordered, incited, assisted, or otherwise participated in the persecution of an individual because of the individual's race, religion, nationality, membership in a particular social group, or political opinion;
>     (ii)   the alien, having been convicted by a final judgment of a particularly serious crime is a danger to the community of the United States;
>     (iii)   there are serious reasons to believe that the alien committed a serious nonpolitical crime outside the United States before the alien arrived in the United States; or
>     (iv)   there are reasonable grounds to believe that the alien is a danger to the security of the United States.

8 USCS § 1231(b)(3). Section 1158(b)(2)(A), which governs asylum, states:

> Paragraph (1) [governing when the Attorney General may grant asylum] **shall not** apply to an alien if the Attorney General **determines** that—
>     (i)   the alien ordered, incited, assisted, or otherwise participated in the persecution of any person on account of race, religion, nationality, membership in a particular social group, or political opinion;
>     (ii)   the alien, having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community of the United States;

      (iii)    there are serious reasons for believing that the alien has committed a serious nonpolitical crime outside the United States prior to the arrival of the alien in the United States;
      (iv)    there are reasonable grounds for regarding the alien as a danger to the security of the United States;
      (v)    the alien is described in subclause (I), (II), (III), (IV), or (VI) of section 212(a)(3)(B)(i) or section 237(a)(4)(B) (relating to terrorist activity), unless, in the case only of an alien described in subclause (IV) of section 212(a)(3)(B)(i), the Attorney General determines, in the Attorney General's discretion, that there are not reasonable grounds for regarding the alien as a danger to the security of the United States; or
      (vi)    the alien was firmly resettled in another country prior to arriving in the United States.

8 USCS § 1158(b)(2)(A).

      Thus, § 1231(b)(3) provides that "the Attorney General **may not** remove an alien to a country if the Attorney General **decides** that the alien's life or freedom would be threatened," while § 1158(b)(2)(A) states that the certain sections governing asylum "**shall not** apply to an alien if the Attorney General **determines** that" certain exceptions apply.  This language is not appreciably different than § 1184(c)'s provision that "[t]he question of importing any alien as a nonimmigrant . . . in any specific case or specific cases shall be determined by the Attorney General. . . ."  Each formulation leaves the decision to the Attorney General as to whether the statutory provision applies to the alien, but none uses the term "discretion" in doing so.  It is true that exception (v) listed in § 1158(b)(2)(A) is expressly stated to be "in the Attorney General's discretion."  Nevertheless, the Sixth Circuit stated that § 1158(b)(2)(A) was included in § 1552(a)(2)(B)(ii)'s grasp, not exception (v), and the exceptions at issue in *Celaj*, (ii) and (iii), do not use the phrase.  Accordingly, the Court concludes that 1184(c) confers enough discretion to the Attorney General such that the BCIS's decisions to deny Plaintiff's petition and reaffirm that denial are, pursuant to § 1252(a)(2)(B)(ii), not

6

reviewable by the Courts.

Plaintiff argues that even if the BCIS's decision to deny the petition is discretionary, the factual determinations made as part of that decision are still reviewable, e.g., whether Shah would be supervising any employees and whether Plaintiff could pay Shah's stated annual salary. Plaintiff relies on *Billeke-Tolosa v. Ashcroft*, 385 F.3d 708 (6th Cir. 2004), which stated that the courts "may review the non-discretionary decisions that underlie determinations that are ultimately discretionary." *Id.* at 711. At first glance, this resembles the Ninth Circuit's reasoning in *Ana International*:

> When the Attorney General relies upon discrete legal classifications of an individual or an act to reach a decision, even where that decision involves a certain measure of discretion, the meaning of that particular legal classification nevertheless remains a reviewable point of law. . . . The rule then is that any purely legal, non-discretionary question that was a decision factor remains reviewable, whether or not the decision as a whole is discretionary.

*Ana Int'l*, 393 F.3d at 895. According to the Ninth Circuit's rule, even if § 1184(c) leaves it to the Attorney General's discretion to determine whether to import an alien as a nonimmigrant under § 1101(a)(15)(L), a court may review the decision to determine if the Attorney General correctly applied the classifications and definitions provided by § 1101(a)(15). This was the situation in *Ana International* and is the situation presently before the Court. Plaintiff contends that the BCIS incorrectly decided that the Shah did not qualify for the L-1A visa because, *inter alia*, did not render his services to the employer in a "managerial capacity," as specified by § 1101(a)(15)(L). In making this decision, the BCIS looked to § 1101(a)(44), the definition of "managerial capacity," and found that the definition was not met. The Court, however, declines to follow the Ninth Circuit's rule because it nullifies Congress's elimination of judicial review in those instances where Congress has taken care to specify which determinations are discretionary. In other words, Congress desires to

7

remove from the courts' jurisdiction the decision of the Attorney General as to whether an alien qualifies for a particular classification. But, according to the Ninth Circuit's rule, if Congress then spells out that classification and clarifies it by defining a term within it, Congress has thereby nullified the jurisditional immunity. Therefore, if Congress wishes that a decision of the Attorney General regarding an alien classification be outside the jurisdiction of the courts, Congress cannot define the classification. This is an absurd result.

A closer look at *Billeke-Tolosa* reveals that the Sixth Circuit did not consider the factual determinations underlying the decision in that case to be reviewable. In *Billeke-Tolosa*, the Immigration Judge ("IJ") and the Board of Immigration Appeals ("BIA") relied on the underlying sexual misconduct allegations behind petitioner's guilty plea convictions for simple assault and disorderly conduct—allegations that could not be substantiated enough for an actual conviction—to deny petitioner's request for an adjustment of status. They did so despite BIA precedent prohibiting them from considering allegations to which a petitioner did not plead guilty. *Billeke-Tolosa*, 385 F.3d at 709-10. Far from holding that courts could review the IJ and BIA's factual determinations, the Court stated that they would "lack jurisdiction over this appeal—which seeks to redress the IJ and BIA's failure to follow binding BIA rules—only if the IJ was free to ignore the BIA's binding rules." *Id.* at 711. The Sixth Circuit answered that question in the negative, stating that "the BIA had no discretion to ignore its own precedent. [Petitioner]'s appeal—which asserts that the BIA did so—falls within our purview." *Id.* at 712. Thus, it was the IJ and BIA's failure to follow its own precedent that was the non-discretionary decision underlying the ultimately discretionary decision, not the IJ or BIA's factual determinations. *Billeke-Tolosa* is therefore distinguishable.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion for judgment on the pleadings [docket entry 12] is **GRANTED**, and this action, no. 03-40283, is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**


Dated:  March 21, 2006                    s/Paul V. Gadola
                                          HONORABLE PAUL V. GADOLA
                                          UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on  March 21, 2006 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                    Nancy A. Abraham; Lila Sljivar                      , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                            .

                                          s/Ruth A. Brissaud
                                          Ruth A. Brissaud, Case Manager
                                          (810) 341-7845